United States Bankruptcy Court
Central District of California

In re:                                                                        Case No. 14-23600-MJ
Dennis Keith Olsen                                                            Chapter 7
Susan Joan Kendall-Olsen
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0973-6          User: admin              Page 1 of 1          Date Rcvd: Feb 26, 2015
                              Form ID: pdf042          Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 28, 2015.
db              +Dennis Keith Olsen,    3711 Fox Plain Rd.,   Corona, CA 92882-8702
jdb            #+Susan Joan Kendall-Olsen,    9329 Amazon Dr.,   New Port Richey, FL 34655-1663

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 28, 2015                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 26, 2015 at the address(es) listed below:
              Darlene C Vigil    on behalf of Interested Party    Courtesy NEF cdcaecf@bdfgroup.com
              Jason B Cruz    on behalf of Joint Debtor Susan Joan Kendall-Olsen jcruz@jcruzlaw.com
              Jason B Cruz    on behalf of Debtor Dennis Keith Olsen jcruz@jcruzlaw.com
              Karl T Anderson (TR)    edansie@hotmail.com, kanderson@ecf.epiqsystems.com
              Marian  Garza    on behalf of Creditor    Exeter Finance Corp. ecfnotices@ascensioncapitalgroup.com
              Marisol A Nagata    on behalf of Creditor    Nationstar Mortgage, LLC cdcaecf@bdfgroup.com
              Scott A Conwell    on behalf of Creditor    Conwell Law LLC scott@conwellusa.com
              United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
                                                                                             TOTAL: 8

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>DARLENE C. VIGIL, SBN 223442<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>20955 PATHFINDER ROAD, SUITE 300<br>DIAMOND BAR, CA 91765<br>P. (626) 915-5714<br>F. (972) 661-7726<br>E-mail: cdcaecf@BDFGroup.com<br>File No. 4963666<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**FEB 26 2015**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY tolleson    DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br>DENNIS KEITH OLSEN,<br>SUSAN JOAN KENDALL-OLSEN<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:14-bk-23600-MJ<br><br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 2/25/2015<br>TIME:  9:00 a.m.<br>COURTROOM: 301<br>PLACE: U.S. Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**Movant:** NATIONSTAR MORTGAGE LLC, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:    9329 AMAZON DRIVE
   *Unit/suite number*:
   *City, state, zip code*:    NEW PORT RICHEY, FL 34655

   Legal description or document recording number (including county of recording):
   Book 7441   at Page 1865   Pasco County, Florida

   LOT 95, RIVERSIDE VILLAGE UNIT 2C, A SUBDIVISION ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 23, PAGE 82, PUBLIC RECORDS OF PASCO COUNTY, FLORIDA.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

☐ See attached page.

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362(d)(1)

   b. ☒ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☐ Multiple bankruptcy cases affecting the Property.

      (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make
           a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 2                                      **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*): Grant the request to be excused from the notice requirements of FRBP 3002.1(b) & (c).

###

Date: February 26, 2015

*[signature]*
Meredith A. Jury
United States Bankruptcy Judge

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*  Page 3  **F 4001-1.RFS.RP.ORDER**