United States Bankruptcy Court
Central District of California

In re:                                                                   Case No. 14-23600-MJ
Dennis Keith Olsen                                                       Chapter 7
Susan Joan Kendall-Olsen
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0973-6         User: admin              Page 1 of 1            Date Rcvd: Apr 14, 2016
                             Form ID: pdf042          Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 16, 2016.
db           +Dennis Keith Olsen,    3711 Fox Plain Rd.,   Corona, CA 92882-8702
jdb         #+Susan Joan Kendall-Olsen,    9329 Amazon Dr.,   New Port Richey, FL 34655-1663

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 16, 2016                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 14, 2016 at the address(es) listed below:
              Darlene C Vigil    on behalf of Interested Party     Courtesy NEF cdcaecf@bdfgroup.com
              Jason B Cruz    on behalf of Joint Debtor Susan Joan Kendall-Olsen jcruz@jcruzlaw.com,
               pjstarr@starrparalegals.com
              Jason B Cruz    on behalf of Debtor Dennis Keith Olsen jcruz@jcruzlaw.com,
               pjstarr@starrparalegals.com
              Karl T Anderson (TR)    edansie@hotmail.com, kanderson@ecf.epiqsystems.com
              Marian  Garza    on behalf of Creditor    Exeter Finance Corp. ecfnotices@ascensioncapitalgroup.com
              Marisol A Nagata    on behalf of Creditor    Nationstar Mortgage, LLC cdcaecf@bdfgroup.com
              Scott A Conwell    on behalf of Creditor    Conwell Law LLC scott@conwellusa.com
              United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
                                                                                             TOTAL: 8

|   |   |
|---|---|
| LAW OFFICE OF JASON B. CRUZ<br>JASON B. CRUZ (SBN 203133)<br>18 E. State Street, Suite 203<br>Redlands, California 92373<br>Telephone: (909) 792-4400<br>Facsimile: (909) 792-1144<br>Email: jcruz@jcruzlaw.com<br><br>*Counsel for Debtor/Movant Dennis Keith Olsen* | **FILED & ENTERED**<br><br>APR 14 2016<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** tolleson **DEPUTY CLERK** |

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### [RIVERSIDE DIVISION]

| | |
|---|---|
| DENNIS KEITH OLSEN,<br><br>        Debtor / Movant,<br><br>vs.<br><br>SCOTT A. CONWELL, ESQ. dba Conwell Law LLC,<br><br>        Respondent. | CASE NO.: 6:14-bk-23600-MJ<br><br>Chapter 7<br><br>**[~~EX PARTE~~] ORDER TO SHOW CAUSE WHY SCOTT A. CONWELL, ESQ. dba CONWELL LAW LLC SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATION OF THE DISCHARGE INJUNCTION**<br><br>[Pursuant to 11 U.S.C. 362(K), 11 U.S.C. 524, FRBP 9020, LBR 9020-1] |

To: **SCOTT A. CONWELL, ESQ. dba Conwell Law LLC, Creditor**

    The Court, having considered the Motion for Order to Show Cause Why SCOTT A. CONWELL, ESQ. dba CONWELL LAW LLC should not be held in Contempt of Court for Willful Violation of the Discharge Injunction filed by Debtor, DENNIS KEITH OLSEN, and good cause appearing, therefore, hereby orders as follows:

    SCOTT A. CONWELL, ESQ. dba CONWELL LAW LLC is ordered to appear before this Court located at 3420 Twelfth Street, Courtroom 301, Riverside, CA 92501-3819 on <u>May 24, 2016</u> at <u>10:00</u> a.m. to show cause why this Court should not hold him in contempt for willful violation of ~~the violation of~~ the discharge injunction under 11 U.S.C. Section 524(a)(2);

1  **IT IS FURTHER ORDERED** that SCOTT A. CONWELL, ESQ. dba CONWELL LAW LLC's
2  response to the Order to Show Cause must be filed no later two weeks before that date. Any reply
3  may be filed no later than one week before the hearing.
4      The contemptuous conduct of which Conwell is accused is as follows:
5      Debtor filed voluntary, no asset Chapter 7 petition in November 2014 and obtained a
6  discharge in February 2015. Conwell received notice of the bankruptcy and filed a 'secured' Proof of
7  Claim. Despite being on notice of the automatic stay, Conwell, an attorney in Maryland, continued to
8  pursue actions in a closed Maryland court proceeding to 'create a lien' based on pre-petition,
9  dischargeable debt. At no time did Conwell attempt to object to the dischargeability of the debt.
10 Pursuant to § 362(k), an individual injured by any willful violation of a stay shall recover actual
11 damages, including costs and attorneys' fees, and in appropriate circumstances, may recover
12 punitive damages. Punitive damages are warranted here as Creditor refused to stay his actions.
13     Debtor submits that Conwell has violated the discharge injunction by continuing to pursue
14 collection of the discharged debt by attempting to establish of a lien against the Debtor's exempt
15 assets. The discharge operates as an injunction against an act to collect or recover any debt as a
16 personal liability of the debtor. See 11 U.S.C. § 524(a)(2). Debtor argues that Conwell has willfully
17 ignored calls and emails from Debtor's bankruptcy counsel, a notice of violation of the discharge
18 letter sent by counsel in Florida, and motions field by Maryland counsel opposing the filings in the
19 closed Maryland proceeding that cite Conwell's violations of Maryland and bankruptcy laws.
20 Instead of correcting the violation, Conwell has rejected the Maryland judge's order denying his
21 request to 'enforce' liens and has filed an appeal in the Maryland Court of Special Appeals. Conwell
22 continues to insist that he has a valid right under Maryland law to pursue liens against Debtor's
23 assets stating, among other erroneous arguments, that his actions to enforce remedies are:

24
25
26
27
> … in accordance with applicable Maryland state nonbankruptcy law. Please note that Dennis Olsen has been discharged from Bankruptcy, *see Exhibit (2)*, page 1, and thus the automatic Bankruptcy Stay has terminated. 11 U.S.C. § 362(c)(2)(C). *Please also note that this proceeding is for purposes of enforcing a valid lien against the above described secured interests of the debtor's property after bankruptcy*, as described in *Exhibit (2)*, page 2. (emphasis added)

28

As 'proof of the validity' of his liens, Conwell uses copies of the claims register [his Exhibit (1)], as "providing the secured bankruptcy claim amount, *which was not contested, and thus was established*" (emphasis added) and the Discharge Order [his Exhibit (2)] which he asserts somehow renders his claim as valid and collectible following Debtop's discharge and the subsequent termination of the automatic stay.

Debtor contends that this is clearly an act to collect a prepetition debt, which is enjoined by § 524(a)(2). Conwell has not explained why they should not be held in contempt for violation of the discharge injunction. Violation of the discharge injunction is punishable by contempt, both under 11 U.S.C. § 105(a), and the inherent powers of the bankruptcy court.

**IT IS SO ORDERED.**

###

Date: April 14, 2016

Meredith A. Jury
United States Bankruptcy Judge

3